**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JUAN ANGEL TORRES-MORANO,
ADC #156090                                                                                                    PLAINTIFF

V.                                                    4:13-cv-00655-BRW-JTK

MS. WINTER                                                                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Torres-Morano filed this pro se 42 U.S.C. § 1983 action against Defendant while incarcerated at the Faulkner County Detention Center (Doc. No. 2). The Court granted his Motion to Proceed in forma pauperis on January 13, 2014, and provided him the opportunity to file an Amended Complaint in thirty days, noting that the allegations against Defendant Winter failed to state a claim upon which relief may be granted. (Doc. No. 10.) Copies of the Order were forwarded to Plaintiff following notices of changes in his address on January 15, 2014, and February 21, 2014 (Doc. Nos. 11, 12.)[1] However, as of this date, Plaintiff has not submitted an Amended Complaint.

I.    **Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

---

[1]His last change of address notice indicates a release from incarceration (Doc. No. 12).

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

## II.    Facts and Analysis

In his  Complaint, Plaintiff states on September 7, 2013, he passed out while in line to obtain

medication, and hit his head and ribs on a table.  (Doc. No. 2, p. 4.)  An officer came to his aid and called Defendant Winter, who "refused" to come because she was on call for emergencies.  (Id.) Plaintiff alleges her refusal was motivated by a prior verbal altercation between the two of them when she made some comments which were racist and discriminatory.  (Id.)

In the January 13, 2014 Order, the Court noted that Plaintiff's allegations against Defendant Winter failed to state an Eighth Amendment constitutional claim, and at most, alleged negligent behavior.  The Court then directed Plaintiff about information he could include in an Amended Complaint.  However, given his failure to file an Amended Complaint, the Court finds the Original Complaint deficient.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   In addition, to support an Eighth Amendment claim, Plaintiff must allege and prove that Defendant was deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The prisoner "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). The Court finds that Plaintiff's limited allegation against Defendant Winter fails to allege deliberate indifference to a serious medical need and any resulting harm, and therefore, this action should be dismissed.

III.    **Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

4

1.      Plaintiff's Complaint against Defendant be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 16th day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.